IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JENARA STEELE and wife** **SHANNON STEELE**, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:12-CV-2897-L** |
| **QUANTUM SERVICING CORPORATION and ARCH BAY HOLDINGS, LLC – SERIES 2010B**, | § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendants' Motion to Dismiss, or, Alternatively Motion for Judgment on the Pleadings (Doc. 6), filed August 23, 2012; and Defendants' Motion to Strike, or, Alternatively Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 13), filed October 1, 2012. After carefully reviewing the motions, briefing, pleadings, and applicable law, the court **grants** Defendants' Motion to Dismiss, or, Alternatively Motion for Judgment on the Pleadings (Doc. 6) and Defendants' Motion to Strike, or, Alternatively Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 13), and **dismisses** this action **with prejudice**.

**I.    Background**

Plaintiffs Jenara and Shannon Steele ("Plaintiffs" or "the Steeles") originally filed this action against Defendants Quantum Servicing Corporation ("Quantum") and Arch Bay Holdings, LLC Series 2010B ("Arch Bay") (collectively, "Defendants") on July 13, 2012, in the 40th Judicial District Court, Ellis County, Texas, asserting claims for breach of contract, negligent

misrepresentation, violations of the Real Estate Settlement Procedures Act ("RESPA"), violations of the Texas Consumer Credit Code and Debt Collection Practices Act ("TDCPA"), and trespass to try title and quiet title. Plaintiffs also seek an accounting and injunctive relief. Plaintiffs' claims involve eviction and foreclosure proceedings related to their residential property located at 933 W. Red Oak Road, Red Oak, Texas 75154.

According to Plaintiffs' Verified Original Petition ("Petition"), Plaintiffs executed a Note payable to CTX Mortgage on September 19, 1996, in furtherance on a loan for the purchase of the property at issue. Pls.' Pet. 3, ¶ 4. On the same date, a Deed of Trust to secure the payment of the Note was executed by Plaintiffs. *Id.* The mortgage was subsequently assigned to Wells Fargo Home Mortgage, Inc., which in turn assigned the mortgage to REO Properties Corporation ("REO"). *Id.* Green Tree Servicing LLC ("Green Tree") was the loan servicer and agent for REO. *Id.* ¶ 5.

In October 2008, REO and Green Tree notified Plaintiffs that they were over $200,000 in arrears. *Id.* ¶ 6. Plaintiffs disputed that they were over $200,000 in arrears and requested a transaction history of their mortgage loan pursuant to RESPA. *Id.* Plaintiffs allege that REO and Green Tree failed to provide the requested transaction history and instead provided Plaintiffs with an eviction notice. Pls.' Pet. 4, ¶ 7.[1] After Green Tree notified Plaintiffs on March 15, 2009, of its intent to initiate foreclosure proceedings, Plaintiffs filed suit against Green Tree and REO to enjoin the foreclosure. *Id.* Plaintiffs contend that in their Second Amended Complaint in the prior action against Green Tree and REO they asserted claims against Green Tree and REO for breach of contract, negligent misrepresentation, violations of the Texas Consumer Credit Code and DTPA, and

---

[1] Language appears to be missing from the beginning of paragraph 7 at the top of page 4 of the Petition because paragraph 7 starts in the middle of a sentence; however, there are no pages missing in the Petition attached to Defendants' Notice of Removal. The error therefore appears to typographical in nature.

**Memorandum Opinion and Order – Page 2**

unreasonable collection efforts under common law.[2] *Id.* Plaintiffs do not provide any further information in their Petition about this prior action, other than to state that an appeal to the United States Supreme Court was taken. *Id.* In response to Defendants' motion to dismiss, Plaintiffs note that the Supreme Court denied their petition for writ of certiorari that was filed with regard to their suit against REO and Green Tree.

Plaintiffs allege that their mortgage was "subsequently reassigned to Quantum, the Mortgage Servicer for Arch Bay, which is the Mortgagee of the Deed of Trust." *Id.* ¶ 8. Plaintiffs allege that Quantum posted an eviction notice on their property and contend that any eviction by Quantum is illegal because Quantum lacks authority as the mortgage servicer to appoint a substitute trustee to conduct an eviction. *Id.* ¶ 9. Plaintiffs further assert that they attempted to correct what they contend was an error but that Defendants, or Defendants' agents, have repeatedly misrepresented and misstated the amounts owed by Plaintiffs on the mortgage. The Steeles contend that as a result of the errors and omissions by Defendants, "Plaintiffs are being evicted from their home, despite the fact that the property was wrongfully foreclosed upon." *Id.* 5, ¶ 11.

From the latter statement by Plaintiffs, it appears that the property has been foreclosed on already; however, Plaintiffs state with regard to their request for injunctive relief that they have no adequate remedy at law to protect their property against foreclosure by Defendants. Thus, it is unclear from Plaintiffs pleadings whether foreclosure and eviction proceedings have concluded. Defendants assert in their motion to dismiss that as a result of several bankruptcies and the two actions filed by Plaintiffs (this case and the prior case), neither Defendants nor their predecessors

---

[2] As explained herein, Plaintiffs' also asserted, in their Second Amended Complaint in the prior lawsuit, a wrongful foreclosure claim based on alleged RESPA violations.

**Memorandum Opinion and Order – Page 3**

have been successful to date in enforcing their security interest in the property despite numerous attempts in the past 10 years to do so. Thus, it appears that foreclosure and eviction proceedings have been attempted but not successfully concluded.

On August 10, Defendants filed an Original Answer in the state court actions, and on August 16, 2012, removed the action to federal court based on federal question and diversity jurisdiction. In their Motion to Dismiss, or, Alternatively Motion for Judgment on the Pleadings, Defendants contend that they are entitled to dismissal or judgment on all of Plaintiffs' claims under Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure because Plaintiffs' claims are barred by res judicata or collateral estoppel. Alternatively, Defendants contend that Plaintiffs have failed to state claims upon which relief can be granted.

After Defendants moved to dismiss, the Steeles filed Plaintiffs' First Amended Complaint ("Amended Complaint") on September 13, 2012. On the same date, Plaintiffs filed a two-page response to Defendants' Motion to Dismiss, or, Alternatively Motion for Judgment on the Pleadings, arguing that Defendants' motion is moot and should be denied in light of their Amended Complaint. On October 1, 2012, Defendants filed their Motion to Strike, or, Alternatively Motion to Dismiss Plaintiffs' First Amended Complaint, wherein they contend that Plaintiffs' Amended Complaint does not cure the deficiencies noted in Defendant's prior motion to dismiss. According to Defendants, the changes to Plaintiffs' pleadings consist primarily of "word-smithing" and "superfluous legal argument" whereas the factual allegations remain the same as those previously asserted. Defs.' Mot. 6. Defendants therefore contend, for the same reasons previously asserted, that they are entitled to dismissal of Plaintiffs' claims.

Plaintiffs' response to Defendants' Motion to Dismiss, or, Alternatively Motion for Judgment on the Pleadings addresses Defendants' arguments regarding res judicata, collateral estoppel, and the sufficiency of Plaintiffs' pleadings. Plaintiffs "concede that res judicata bars their claim for violations of the [TDCPA]," but contend that their claims for RESPA violations and breach of the Deed or Trust are not barred because the claims and parties in this case and the prior action are not identical. Pl.'s Resp. 5. The court disagrees, and for the reasons herein discussed, the court determines that Plaintiffs' claims are barred by res judicata.

## II.     Standard for Rule 12(c) and 12(b)(6)

Any party may move for judgment on the pleadings after the pleadings are closed and when it would not delay the trial. Fed. R. Civ. P. 12(c). Pleadings are "closed" when a complaint and an answer are filed. *See Nortel Networks Ltd. v. Kyocera Wireless Corp.*, No. 02-CV-0032-D, 2002 WL 31114077, at *1 n.1 (N.D. Tex. Sept. 20, 2002). A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted). A court, when ruling on a motion for judgment on the pleadings pursuant to Rule 12(c), applies the same standard as that used for a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Doe v. MySpace, Inc.,* 528 F.3d 413, 418 (5th Cir. 2008) (citation omitted); *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (citation omitted).

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss

are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

      The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### III.    Res Judicata

      Defendants contend that Plaintiffs claims are barred by res judicata because the same claims were asserted by Plaintiffs in the prior action, *Steele, et al. v. Green Tree Servicing LLC and REO*

*Properties, Corporation*, Civil Case No. 3:09-00603-D, in which a final judgment was entered dismissing Plaintiffs' claims and the action with prejudice. Defendants argue that although the defendants in the two cases are not the same, there is privity among the parties to the two actions.

Plaintiffs in response acknowledge that their claims in this case are based on the same Note and Deed of Trust at issue in the prior litigation. Plaintiffs nevertheless contend that their claims are not barred by res judicata because they seek "new relief from different Defendants based on different facts." Pls.' Resp. 5. Plaintiffs maintain that although both lawsuits involve claims for RESPA violations, the alleged violations at issue in the first lawsuit were based on Green Tree and REO's failure to respond to Plaintiffs' qualified written request for information, whereas the RESPA claims against Defendants in this action involve Defendants' subsequent but similar violations that occurred after the Note and Deed of Trust were transferred from REO to Defendants. Plaintiffs further assert that because the transfer of the Note and Deed of Trust to Defendants occurred during the prior litigation after Plaintiffs' opportunity to amend their pleadings had passed, "these Defendants were not before the Court, [and] Plaintiffs did not raise these claims in the prior suit." Plaintiffs' argument misses the mark.

"Res judicata prevents litigation of all grounds for, or defenses to, recovery *that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding*." *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (emphasis added). Thus, claim preclusion or res judicata is not limited to claims actually raised in a prior litigation but also extends to and "bars the litigation of claims that . . . *should have been raised* in an earlier suit." *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999) (emphasis added). "The test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was

rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir.), *cert. denied*, 543 U.S. 1034 (2004).

In support of their motion, Defendants submitted the following documents pertaining to the related case referenced in Plaintiffs' Complaint: (1) Plaintiffs' Original Complaint, dated April 1, 2009; (2) Plaintiffs' Second Amended Complaint, dated December 2, 2009; (3) the court's September 7, 2010 memorandum opinion and order; (4) the court's September 29, 2010 order; and (5) the Judgment, dated October 12, 2010. Defs.' App. 27-165. Defendants also submitted the assignment from REO Properties to Arch Bay, which was executed on November 2, 2009. *Id*. 26. The court may consider the assignment and Plaintiffs' Second Amended Complaint filed in the prior lawsuit because they are specifically referenced in Plaintiffs' Petition. Moreover, the court may take judicial notice of and consider all of the pleadings and orders in the related prior action in ruling on Defendants' motion because they are matters of public record. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007) (when ruling on Rule 12(b)(6) motions to dismiss, courts consider the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." (citing 5B Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007)); *Joseph v. Bach & Wasserman, L.L.C.*, No. 12-30206, 2012 WL 3655358, at *4 n.2 (5th Cir. Aug. 27, 2012) (in deciding a Rule 12(b)(6) motion, "[T]he court may take judicial notice of matters of public record. . . . Here, the document referenced is a pleading filed with a Louisiana state district court, and it is a matter of public record.") (unpublished) (citation omitted).

A comparison of the pleadings in this and the prior case reflects that the plaintiffs are the same in both cases. Additionally, Plaintiffs' claims in both cases all pertain to the eviction and

foreclosure proceedings initiated as to the property located at 933 W. Red Oak Road, Red Oak, Texas 75154. The claims in both cases are nearly identical. In both cases, Plaintiffs requested an accounting and asserted claims for breach of contract, negligent misrepresentation, RESPA violations, and violations of the Texas Consumer Credit Code TDCPA. Although Plaintiffs did not previously assert claims for negligent misrepresentation, trespass to try title, and quiet title, the court concludes that those claims *could* have been raised and litigated in the prior suit because they involve the same property and same transactions that took place with regard to Plaintiffs' Note and Deed of Trust. Moreover, the allegations in Plaintiffs' Petition and assignment at issue in this case show that Defendants are in privity with the defendants in the prior suit. Specifically, Arch Bay is in privity with REO, a defendant in the prior suit, as a result of the assignment from REO to Arch Bay. Plaintiffs also acknowledge that Arch Bay is the current mortgagee and that Quantum is the mortgage servicer for Arch Bay. Further, the orders and judgment entered in the prior action establish that judgment in favor of Green Tree and REO was granted as to all of Plaintiffs' claims and the action was dismissed with prejudice.

The court disagrees with Plaintiffs' implied argument that they could not have asserted in the prior action the claims brought against Defendants in this case because of the timing of the assignment to Defendants. Plaintiffs initiated the prior action, *Steele, et al. v. Green Tree Servicing LLC and REO Properties, Corporation,* Civil Case No. 3:09-00603-D, against Green Tree and REO on April 1, 2009, by filing their Original Complaint in the United States District Court, Northern District of Texas, Dallas Division. Defs.' App. 27. On June 3, 2009, in accordance with the Joint Scheduling Proposal submitted by the parties, the court in the prior action entered a Scheduling Order setting the deadlines for joinder of parties on August 20, 2009; amendment of pleadings on

November 2, 2009; and completion of discovery on December 7, 2009. Docs. 14-15. Plaintiffs are correct that the November 2, 2009 assignment of the mortgage to Defendants (Defs.' App. 26) occurred during the pendency of the prior litigation and coincided with the November 2, 2009 deadline to amend pleadings set forth in the court's June 3, 2009 Scheduling Order. The record in the prior action, however, reflects that Plaintiffs filed a motion on December 2, 2009, for leave to file in the earlier filed action their Second Amended Complaint, which was granted by the court on December 3, 2009 (Doc. 31). Thus, contrary to Plaintiffs' argument, the assignment to Defendants did not occur after Plaintiffs' opportunity to amend their pleadings had passed.

Finally, the prior action was only seven months old and in the early stages of litigation when the assignment occurred on November 2, 2009, and discovery was still being conducted. *See* Doc. 33 (December 11, 2009 Joint Motion for Protective Order For Plaintiffs' Notice of Intention to Take Deposition noticed on December 4, 2009). Thus, if needed, Plaintiffs could have but did not thereafter seek further extension of the pleading deadline; nor did they request to extend the discovery or joinder of party deadlines. Plaintiffs' argument in this regard is without merit because Plaintiffs could and should have asserted their claims against Defendants in the prior action. Further, the factual allegations in Plaintiffs' Amended Complaint are essentially the same as those previously asserted and do not cure the deficiencies noted in Defendants' first motion to dismiss.

Accordingly, the court concludes that Plaintiffs' claims are barred by res judicata, and Plaintiffs are unable to state a claim upon which relief can be granted. Having determined that Plaintiffs' claims are barred by res judicata, the court does not address the parties' contentions regarding collateral estoppel or the sufficiency of Plaintiffs' allegations in support of their claims.

The court further determines that Plaintiffs' request for an accounting and injunctive relief is mooted by the court's rulings as to Plaintiffs' claims and are therefore denied as moot.

## IV.  Amendment of Pleadings

In response to Defendants' Motion to Dismiss, Plaintiffs request leave to amend their pleadings "in accordance with the Supreme Court's ruling in the previous action." Pls.' Resp. 10. The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation.  The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Other than the conclusory statement by Plaintiffs requesting leave to amend, they do not explain how they intend to cure the deficiencies noted in Defendants' motion, and contrary to Plaintiffs' assertion, neither the Fifth Circuit nor the United States Supreme Court provided any reasoning in affirming the district court's order of dismissal in the prior action other than to state, "We affirm for essentially the reasons stated by the district court." *Steele v. Green Tree Serving, L.L.C.*, 453 F. App'x 473 (5th Cir. Dec. 12, 2011) (unpublished), *cert. denied*, 133 S.Ct. 111 (2012). Moreover, Plaintiffs amended their pleadings after Defendants' filed their first motion to dismiss and

**Memorandum Opinion and Order – Page 12**

the Amended Complaint, which the court reviewed and considered with the pending motions, does not cure the deficiencies noted in Defendants' first motion to dismiss. Because the court has ruled that Plaintiffs' claims are barred and not legally viable, no amount of artful or creative pleading of facts will permit them to state a claim upon which relief can be granted. The court therefore concludes that Plaintiffs cannot set forth any allegations sufficient to state a claim upon which relief can be granted, and that further attempts to amend would be futile and unnecessarily delay the resolution of this action. Accordingly, the court will not allow Plaintiffs an opportunity to further amend their previously amended pleadings.

### V.     Conclusion

For the reasons herein stated, the court concludes that Plaintiffs have failed to state claims upon which relief can be granted, as their claims are barred by the doctrine of res judicata. The court therefore **grants** Defendant's Motion to Dismiss, or, Alternatively Motion for Judgment on the Pleadings (Doc. 6) and Defendants' Motion to Strike, or, Alternatively Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 13), and **dismisses** this action **with prejudice**. The court, as required by Rule 58 of the Federal Rules of Civil Procedure, will issue judgment by separate document.

**It is so ordered** this 30th day of November, 2012.

Sam A. Lindsay
United States District Judge